## PENDING CASES
### No. 246
ROLLA A. WAGNER v. L. A. AULDRIDGE
Error to Clark County Appeals
No. 18399. Filed in Supreme Court Feb. 21, 1924. 2 Abs. 163
### 745. MALICIOUS PROSECUTION.

The plaintiff in error, Wagner, had the defendant in error, Auldridge, arrested for theft of his automobile, which he found in Auldridge's possession. The affidavit was made before the clerk of the police court of North Lewisberg, and the following day the accused was brought to the county jail at Springfield, where he remained ten days, and until the police prosecutor caused the charge against him to be dismissed. Wagner claimed that he did not know of any hearing of the case, and that he was sincere in his belief that Auldridge committed the theft.

Auldridge commenced this action in the Common Pleas, for damages for malicious prosecution. It was tried and resulted in a verdict against Wagner for $3,000. A motion for a new trial, supported by affidavits, was filed and overruled. Then error was prosecuted to the Court of Appeals, the grounds being errors in admission and rejection of evidence; errors in the general charge, and was against the manifest weight of the evidence; and that the damages found were excessive.

The court of Appeals found that the damages were excessive and ordered that the judgment be set aside, unless a remittitur of $2,000 was made. This was agreed to by Auldridge and modified judgment affirmed.

Wagner claimed that Jordan, one of the jurors, who, upon the voire doire, said that he knew nothing of the case, by affidavit of another juror, had divulged to him that he, Jordan, knew all about the case, detailing the conversation. Other similar affidavits were filed, to establish the misconduct of the jury.

Auldridge was permitted to testify, over objections and exceptions, that there were about 150 people on hand to witness his arrest; that the jail in which he was confined was so crowded that he had to sleep on the concrete floor, covered with tobacco spit; that "drunks" came in and fell over him, all night; and that he was taken from the jail to the police court "with a bunch of criminals," handcuffed. In reply to this evidence it was claimed by Wagner that in such a case he could not be held liable for the wrongful acts of officials over whom he had no control.

Attorneys—Zimmerman, Zimmerman and Zimmerman, Springfield; contra not known.

### No. 247
LOOSE WILES BISCUIT CO. v. PFAHL
Error to Cuyahoga County Appeals
No. 18356. Filed in Supreme Court Feb. 1, 1924. 2 Abs 115
### 829. NEGLIGENCE—Automobile Accident.

This case grew out of an automobile accident, occurring Oct. 18, 1922. Pfahl was sitting on the seat of a wagon, driving a team of horses, on West 35th St., in Cleveland, when a large truck, operated by the Biscuit company, going in the same direction as the team, crashed into the wagon at the rear end, and threw him to the pavement, and, it is claimed, fractured his skull.

The action was tried in the Common Pleas, and the jury brought in a verdict for $22,500 for Pfahl. The Court of Appeals affirmed the judgment, but thereafter, on motion of company, set aside its previous entry of judgment, and granted a rehearing and thereupon reaffirmed the judgment.

In order that the question of jurisdiction of the court may be preserved, error is prosecuted herein with respect to each judgment of the Court of Appeals.

The questions arising in the case are largely those of fact, involving whether there was negligence, and the extent of the injuries, it being claimed by Pfahl, that the driver of the truck was to blame. This the defendant denied, and claimed that if so, the damages found by the jury were excessive and given under the influence of passion and prejudice.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, for Biscuit Co.; S. M. Young and D. R. Hothcoff, for Pfahl; all of Cleveland.

### No. 248
BALT. & OHIO RY. v. PAUL TUSTISON
PAUL TUSTISON
Error to Cuyahoga Appeals
No. 18461. Motion to Certify Record
Filed in Supreme Court Feb. 21, 1924
2 Abs. 163
### NEGLIGENCE—Excessive verdict—Effect of a remittiur.

This action was brought in the Cuyahoga Common Pleas to recover damages for personal injury alleged to have been sustained Tustison while in the employment of the B. & O. Ry. Co. as brakeman and switchman. On the day of the accident, July 14, 1920, he was engaged in the switching and movement of cars in the vicinity of the defendant's freight house in the city of Chicago. The tracks where the cars were being moved at the time were covered by an overhead viaduct, supported by steel pillars.

The viaduct was not built or maintained by the railroad company. Tustison was injured by a car, the signal for the movement of which he had given. It was agreed that the parties were engaged in interstate commerce, and that their rights are governed by the Federal Employers' Liability Act of 1908.

The trial resulted in a verdict in favor of Tustison for $30,000, which, on motion for new trial, was reduced to $20,000 and judgment entered therefor. In addition to a general denial of the negligence charged, the defendant interposed the defense of assumption of risk. It was claimed by the company that as the only evidence of the liability and the fact of the accident, was given by Tustison himself, which disclosed the knowledge on his part of every element essential to this defense it became a question of law, for the trial court, which should have directed a verdict as was asked for by the company, and the request refused.

The company claimed that the verdict was excessive, and due to passion and prejudice.

The question was also raised by the company whether a trial court can cure a verdict of $30,000, due to passion and prejudice, by ordering a remittitur (later accepted by the plaintiff) in the sum of $10,000, and prevent a review of the question whether or not the verdict as rendered was due to passion and prejudice, by certifying in the journal entry that the verdict was not due to such causes, but merely excessive in the sum of $10,000.

Attorneys—Tolles, Hogsett, Ginn and Morley, for Railroad; Payer, Winch, Minshall & Karch, for Tustison, all of Cleveland.